# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH A. HUNTZINGER, on Behalf of Himself and All Others Similarly Situated,<br><br>    Plaintiff,<br>  v.<br>AQUA LUNG AMERICA, INC.,<br><br>    Defendant. | CASE NO. 15cv1146-WQH-AGS<br><br>ORDER |
| AQUA LUNG AMERICA, INC.,<br><br>    Third Party Plaintiff,<br>  v.<br>SUUNTO OY<br><br>    Third Party Defendant. | |

HAYES, Judge:

The matters before the Court are the Motion for Leave to File Second Amended Class Action Complaint Pursuant to F.R.C.P. 15(a)(2) (ECF No. 79) and the Motion to File Conditionally Under Seal Exhibits A and B to Plaintiff's Motion for Leave to File Second Amended Class Action Complaint Pursuant to L.R. 79.2 (ECF No. 77).

**I. Background**

On May 21, 2015, Plaintiff Ralph A. Huntzinger filed a class action complaint alleging the following causes of action against Defendant Aqua Lung America, Inc.

("Aqua Lung"): (1) violation of Consumers Legal Remedies Act ("CLRA"), Civil Code § 1750 *et seq.*; (2) violation of the Unfair Competition Law ("UCL"), Business and Professions Code § 17200 *et seq.*; and (3) breach of implied warranty. (ECF No. 1). After Aqua Lung filed a motion to dismiss the complaint (ECF No. 7), the Court dismissed the breach of implied warranty claim and denied the motion in all other respects. (ECF No. 22).

On December 29, 2015, Aqua Lung and Huntzinger filed a joint motion requesting leave to file an amended complaint. (ECF No. 24). The Court granted the motion and Huntzinger filed the first amended class action complaint alleging the same three causes of action against Aqua Lung. (ECF Nos. 25, 26). On January 21, 2016, Aqua Lung filed an Answer. (ECF No. 28).

On August 2, 2016, Aqua Lung filed a third party complaint against third party Defendant Suunto Oy. (ECF No. 45). On December 6, 2016, Suunto Oy filed an answer to the third party complaint. (ECF No. 61).

On March 13, 2017, Huntzinger filed the motion for leave to file a second amended complaint which seeks to add Eric Bush as an additional plaintiff and proposed class representative and Suunto Oy as a defendant. (ECF No. 79). On April 3, 2017, Aqua Lung filed a non-opposition to the motion. (ECF No. 88). On April 3, 2017, Suunto Oy filed a response in opposition. (ECF No. 89). On April 10, 2017, Huntzinger filed a reply. (ECF No. 90).

On March 13, 2013, Huntzinger also filed a motion to file documents under seal in support of the motion for leave to file a second amended complaint. (ECF No. 77).

**II. Motion For Leave to File Second Amended Class Action Complaint**

Huntzinger seeks leave to file the second amended complaint adding Eric Bush as a plaintiff and proposed class representative and Suunto Oy as a defendant pursuant to Federal Rule of Civil Procedure 15. (ECF Nos. 79-1, 90). Huntzinger contends there has been no undue delay in moving to amend the complaint. Huntzinger contends that he has been diligently reviewing discovery produced by Aqua Lung and vetting

potential plaintiffs to add or drop from the complaint to ensure that amendment was practical. Huntzinger contends that he moved to assert claims directly against Suunto Oy as soon as reasonably practical after developing sufficient facts to support personal jurisdiction. Huntzinger contends that his motion is made in good faith to ensure representation of the class and the adequacy of the class representative. Huntzinger contends that amendment would not prejudice Aqua Lung or Suunto Oy because the proposed second amended complaint does not add any new claims or causes of action and is based upon facts and general allegations previously asserted against Aqua Lung. Huntzinger contends that amendment will not impact discovery.[1] Huntzinger contends that Suunto Oy has been aware of this litigation since November 2016 and has actively participated in discovery. Huntzinger contends that good cause exists because amendment will promote judicial economy. Huntzinger contends that the motion should be granted based on Aqua Lung's non-opposition because Aqua Lung is the only opposing party currently in this action. Huntzinger contends that the proposed second amended complaint sufficiently alleges Article III standing and states claims upon which relief can be granted.

Aqua Lung filed a notice of non-opposition to the motion stating that it does not oppose the motion for leave to file a second amended class action complaint. (ECF No. 88).

Suunto Oy filed a response in opposition requesting that the motion to file a second amended complaint be denied with prejudice. (ECF No. 89 at 7). Suunto Oy contends that the motion should be denied because amendment is futile and the motion is brought in bad faith. Suunto Oy contends amendment is futile because the proposed second amended complaint would be subject to dismissal pursuant to Rule 12(b)(6). Suunto Oy contends that both Huntzinger and Bush lack standing to proceed with their

---

[1] On May 2, 2017, the Magistrate Judge issued an Order striking the dates in the Amended Scheduling Order and requiring parties to contact the Magistrate Judge's chambers within three days of a decision on the instant motion to amend. (ECF No. 109).

claims and that their claims are otherwise barred. Suunto Oy contends that the CLRA and UCL claims fail because plaintiffs do not sufficiently allege a legal injury and do not allege that the plaintiffs read and relied upon any specific representation. Suunto Oy contends that Bush's claims in the second amended complaint are time-barred. Suunto Oy contends that the implied warranty claims in the proposed second amended complaint fail because Huntzinger and Bush do not stand in privity with Defendants.

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citations omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

Aqua Lung does not oppose the motion for leave to file the second amended complaint. However, Suunto Oy opposes the motion on the grounds that amendment would be futile. The Court concludes that Suunto Oy has not made a sufficiently strong showing of the *Foman* factors to overcome the presumption of Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052. Suunto Oy

challenges the merits of the proposed second complaint by contending that the plaintiffs lack standing and fail to state a claim upon which relief can be granted. The Court will defer consideration of any challenge to the merits of the proposed second amended complaint until after the amended pleading is filed. *See Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-4708, 2006 WL 3093812, at *2 (N.D. Cal. Oct. 31, 2006) ("In view of Rule 15(a)'s permissive standard, courts ordinarily defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

**III. Motion To File Conditionally Under Seal Exhibits A and B to Plaintiff's Motion for Leave to File Second Amended Class Action Complaint**

Huntzinger additionally moves the Court for leave to file Exhibits A and B to the motion for leave to file the second amended complaint under seal. (ECF No. 77). Exhibit A is the proposed second amended complaint and Exhibit B is the compare version of the proposed second amended complaint. (ECF No. 78). Huntzinger contends that pursuant to the Stipulated Protective Order entered by the Court on June 29, 2016,

> Suunto Oy and Aqua Lung have designated certain information and documents produced during discovery as "CONFIDENTIAL" such that Plaintiff is required to submit them under seal pending a determination by the Court as to whether they are sealable. The amendments in the proposed SAC include information obtained from documents that were designated "CONFIDENTIAL."
>
> Pursuant to the Protective Order, Suunto and Aqua Lung, as the Designating Parties, bear the burden of establishing the confidentiality of all such information, documents, materials, or items.

(ECF No. 77 at 2). The docket reflects that Suunto Oy and Aqua Lung have not filed any response to this motion.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Except for documents that are

traditionally kept secret, there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see also Kamakana*, 447 F.3d at 1178-79. "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard. That is, the party must articulate compelling reasons supported by specific factual findings ... that outweigh the general history of access and public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79 (citations and quotation marks omitted). The presumed right to access to court proceedings and documents can be overcome "only by an overriding right or interest 'based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Oregonian Publ'g Co. v. United States District Court*, 920 F.2d 1462, 1465 (9th Cir. 1990) (quoting *Press-Enterprise Co. v. Superior Court*, 446 U.S. 501, 510 (1985)).

Huntzinger asserts that information contained in Exhibits A and B has been designated as confidential by Aqua Lung and Suunto Oy pursuant to the Stipulated Protective Order. Huntzinger asserts that he is obligated to submit the exhibits under seal pending a determination by the Court as to whether they are sealable. The Court finds that compelling reasons exist at this stage in the proceedings to allow Exhibits A and B to be filed under seal for the limited purpose of the Court's consideration of the motion for leave to file the second amended class action complaint.

**IV. Conclusion**

IT IS HEREBY ORDERED that Motion to File Conditionally Under Seal Exhibits A and B to Plaintiff's Motion for Leave to File Second Amended Class Action Complaint filed by Plaintiff Ralph A. Huntzinger is GRANTED. (ECF No. 77). The Clerk of Court shall filed Exhibits A and B (ECF No. 78) conditionally under seal.

IT IS FURTHER ORDERED that the Motion for Leave to File Second Amended Class Action Complaint filed by Plaintiff Ralph A. Huntzinger is GRANTED. (ECF No. 79). This Order does not constitute leave to file the second amended complaint

1 | under seal. Plaintiffs shall file the second amended class action complaint and/or any
2 | motion requesting to file any portion of the second amended class action complaint
3 | under seal on or by June 16, 2017.
4 | DATED: June 1, 2017

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge